UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| BARBARA KIMBLE | CASE NO. 5:19-CV-01225 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| PIGGLY WIGGLY, ET AL. | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b), the above-captioned matter has been referred to the undersigned magistrate judge for review, report and recommendation. For reasons that follow, it is recommended that plaintiff's complaint be DISMISSED, without prejudice, for lack of subject matter jurisdiction and for failure to serve defendants.

**Background**

On September 18, 2019, plaintiff pro se Barbara Kimble filed the instant complaint against Piggly Wiggly/Kenyan Enterprises, plus two Piggly Wiggly employees, Eric Brown and Tamicka Heard. (Compl.). Plaintiff alleged that, while shopping at the Piggly Wiggly location in Homer, Louisiana, defendants defamed and slandered her by falsely accusing her of stealing from the store. *Id.* According to plaintiff, the store employees accompanied her to the rear of the store and held her there while they questioned her. *Id.* After defendants completed their investigation, they banned plaintiff from ever returning to the store. *Id.* Plaintiff contends that defendants' actions violated her rights under the First and Fourth Amendments. *Id.* She seeks an award of $100,000 in compensatory and punitive damages for the pain and suffering that she endured. *Id.*

When, by January 14, 2020, plaintiff had not filed a return of service for any of the

defendants in this matter, the Clerk of Court notified plaintiff that, in the absence of good cause shown, he intended to dismiss the suit for failure to serve defendants. *See* Notice of Intent to Dismiss for Failure to Prosecute [doc. # 6]. On January 30, 2020, plaintiff filed what she purported to be were returns of service for defendants. [doc. # 7]. According to the "returns," however, she attempted to serve defendants by sending the summonses to someone at the Claiborne Parish Sheriff's office, via U.S. Mail. *Id*. These service attempts were ineffective. *See* Fed.R.Civ.P. 4. Moreover, the undersigned notified plaintiff that her January 30 submission did not reflect proper service on defendants and further accorded her until March 6, 2020, to properly serve defendants. (Feb. 5, 2020, E-Order [doc. # 8]). To date, however, the record reveals no further service attempts or response from plaintiff.

## Analysis

**I.    Service**

In the absence of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must dismiss* the action without prejudice against that defendant . . ." Fed.R.Civ.P. 4(m) (emphasis added). Here, plaintiff filed the instant suit almost six months ago. Moreover, there currently is no expectation or reasonable likelihood that she intends to perfect service against defendants. *Contrast Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008). Plaintiff also has not demonstrated any basis which would establish good cause for her continued failure to timely effect service.[1]

---

[1] "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990). Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A

The undersigned further observes that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice" – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan, supra.* In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff h[er]self and not h[er] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

The undersigned finds that the requirements for a dismissal that is effectively *with prejudice* are satisfied in this case. As discussed above, plaintiff has ignored at least one court order. Further, because plaintiff is proceeding in forma pauperis in this matter, she likely does not enjoy the financial resources to fund an alternative monetary sanction.[2] Moreover, dismissal of the case may be the least sanction where, as here, plaintiff is not actively pursuing her cause of action. Finally, plaintiff's unrepentant flaunting of court orders[3] reflects her own

---

C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).
  While the court remains cognizant of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

[2] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[3] This report and recommendation itself provides plaintiff with further notice of her non-compliance.

3

contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to her as a pro se litigant.

## II. Subject Matter Jurisdiction

Before addressing the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue sua sponte if it discovers that it lacks subject matter jurisdiction. *Id.*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir.2016) (citations and internal quotation marks omitted).

The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332. In the case *sub judice*, the complaint does

---

[4] *See Millan, supra*.

4

not contain requisite allegations to establish diversity jurisdiction, 28 U.S.C. § 1332.[5]   To the contrary, it appears that plaintiff and the individual defendants are domiciled in Louisiana. Accordingly, requisite diversity of citizenship does not appear on the face of the complaint.

The court also does not discern a colorable federal question on the face of plaintiff's complaint.   "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."   *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted).   Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States.   *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006).   A district court should dismiss the case where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."   *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir.2013).   Those circumstances are present here.

First, plaintiff does not actually cite a federal statute.   Moreover, although plaintiff alleged that defendants transgressed her myriad constitutional rights, violations of constitutional rights are not redressable directly.   Rather, plaintiff must pursue constitutional claims through 42 U.S.C. § 1983.   *Coleman v. Mississippi Dep't of Marine Res.*, 16-0289, 2016 WL 5794772, at *2 (S.D. Miss. Oct. 4, 2016) (citations omitted).   Here, plaintiff did not invoke § 1983; thus, her constitutional claims are subject to dismissal.   *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273

---

[5] For purposes of diversity, "[a]ll plaintiffs must be diverse in citizenship from all defendants . . ." and the parties' citizenship must be "*distinctly* and *affirmatively* alleged."   *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990); *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source).

n.3 (5th Cir.1994); *Mitchell v. City of Houston, Tex.*, 57 Fed. Appx. 211 (5th Cir.2003).

However, even if plaintiff *had* invoked § 1983, her complaint remains deficient. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, *and* must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (emphasis added).

To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n. 18 (1982). In general, the state does not have a constitutional duty to protect individuals from private harm. *Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Moreover, private entities are not generally considered state actors. *Meade v. Dillard Dept. Stores*, 275 F.3d 43, 43 (5th Cir. 2001). Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).[6]

---

[6] For purposes of § 1983, there are several instances where seemingly private conduct may be charged to the state. First, "[p]rivate action may be deemed state action when the defendant's conduct is 'fairly attributable to the State.'" *Id.* at 423 (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)). Under the "fair attribution" test, "the plaintiff must show: (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor." *Id.* "State action will not accrue merely because of government acquiescence or approval of the private entity's actions." *Id.* Second, under the "public function" test, a private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state. *Bass*, 180 F.3d at 241-42 (citing *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

Defendants constitute a private company and individuals – not state actors under § 1983. Plaintiff's complaint is devoid of any factual allegations to suggest that defendants' conduct can be attributed to the State, or that the State encouraged, participated, or otherwise coerced defendants' actions. Thus, she has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction.

In the absence of any apparent basis for subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(h)(3).

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED, without prejudice, for lack of subject matter jurisdiction, and for failure to prosecute/serve defendants. Fed.R.Civ.P. 12(h)(3); Fed.R.Civ.P. 4(m); LR 41.3W.

Under the provisions of 28 U.S.C. ϛ 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before she makes a final

---

Third, under the state compulsion test, a state will be held responsible for a private decision "when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* at 242 (citing *Blum v. Yaretsky*, 457 U.S. 991, 102 (1982)). Finally, under the joint action test, state action may be found where the government has "so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the enterprise." *Id.* (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 (1974)).

ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 12th day of March 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE